UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPHINE CHINELO MACFADYEN,

     Plaintiff,                                       Case No. 21-11332

v.                                              Honorable Nancy G. Edmunds

SECRETARY OF DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

     Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [25]**

On October 18, 2021, the Court entered a scheduling order in this matter, noting that because this case is an action for judicial review of an administrative decision and the parties agree discovery is not needed, it will be adjudicated on the basis of the administrative record on cross-motions for summary judgment. (ECF No. 19.) The order required the administrative record to be produced by December 13, 2021; Plaintiff's motion for summary judgment to be filed by January 14, 2022; and Defendants' response together with a cross-motion for summary judgment to be filed by February 14, 2022. On November 8, 2021, however, prior to the filing of the administrative record, Plaintiff filed her motion for summary judgment. (ECF No. 20.) The Court issued a notice stating the motion would be determined without oral argument. (ECF No. 21.) That notice also stated that "[r]esponse and reply briefs shall be filed in accordance with Eastern District of Michigan LR 7.1(e)." Defendants subsequently filed a motion, requesting this Court reinstate the original scheduling order because the 21-day time period provided in Local Rule 7.1(e) for a response to a dispositive motion would end prior to the date by which

Defendants are required to produce the administrative record.  (ECF No. 22.)  After

Plaintiff filed a response opposing the motion and Defendants filed a reply, (ECF Nos. 23,

24), the Court granted Defendants' request and reinstated its original scheduling order

via a text-only order.  The matter is now before the Court on Plaintiff's motion for

reconsideration of that order.  (ECF No. 25.)

Plaintiff relies on Federal Rules of Civil Procedure 59(e) and 60(b) as the basis for

her motion for reconsideration but those rules only apply to final orders and judgments.

Plaintiff also cites to Eastern District of Michigan Local Rule 7.1(h), but Plaintiff has not

identified a palpable defect by which the Court and the parties have been misled.  Instead,

Plaintiff states she will be prejudiced by what amounts to an approximately three-month

time period for Defendants to file their response primarily because it prevents "the

expeditious determination of her motion."  The Court, however, retains the inherent

authority to alter the briefing schedule.  And it was within the Court's discretion to conclude

the administrative record should be produced prior to the filing of any additional motions

or briefs.[1]  Accordingly, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 6, 2021

---

[1] Plaintiff acknowledges the administrative record is necessary for disposition of this case.  *See* ECF No. 25, PageID.166 (arguing "the administrative record is only for use by the Court in its review after the submission of briefs by all parties").  And it is the parties who bear the burden of proof and should include appropriate cites to the record in their briefing.

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 6, 2021, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager