UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPHINE CHINELO MACFADYEN,

    Plaintiff,                                                 Case No. 21-11332

v.                                                             Honorable Nancy G. Edmunds

SECRETARY OF DEPARTMENT
OF HOMELAND SECURITY, *et al.*,

    Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT [20] AND GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [27]**

This is an action for judicial review of the United States Citizenship and Immigration Services' ("USCIS") denial of a Form I-130, Petition for Alien Relative, filed under the Immigration and Nationality Act, 8 U.S.C. § 1154(a)(1)(A)(i), on behalf of Plaintiff Josephine Chinelo Macfadyen by her deceased husband, David King. Pending before the Court are cross-motions for summary judgment. (ECF Nos. 20, 27.) Both motions are fully briefed. (ECF Nos. 28, 30.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motions will be decided on the briefs and without oral argument. For the reasons below, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendants' motion for summary judgment.

**I.**     **Background**

Plaintiff is a Nigerian national who entered the United States on a B-2 visitor visa in October 2001. (ECF No. 27-2, PageID.221.) Removal proceedings were commenced against her in January 2003. She then applied for asylum, but her application was denied

1

and she was ordered removed to Nigeria in February 2006.  While removal proceedings were pending, Plaintiff married King, a United States citizen, in Detroit, Michigan in October 2017.  (*Id.* at PageID.214.)  Prior to marrying King, Plaintiff was married to Richard Macfadyen.  According to Plaintiff, she was granted a divorce by the Nigerian State High Court in June 2014.

In January 2018, King filed a Form I-130, seeking to classify Plaintiff as his immediate relative spouse under 8 U.S.C. § 1151(b)(2)(A)(i).  (*See* ECF No. 27-2, PageID.215-26.)  In May 2019, USCIS notified King of its intent to deny the I-130 in part because King failed to establish that Plaintiff's prior marriage had been terminated and she was therefore free to marry King.  (*Id.* at PageID.211-13.)  USCIS explained that the documents that were submitted supporting the termination of Plaintiff's prior marriage "appear to be fraudulent:"

> When a divorce is granted by a High Court in Nigeria, a temporary order is issued called a Decree Nisi.  There is a three month period allowed in the event of reconciliation, then the divorce decree will automatically finalize and a Decree Absolute is issued.  Instead of a Decree Nisi, you have a Certificate of Decree Absolute as your initial document.  The finalizing document you submitted, dated three months later, is titled Certificate of Decree Nisi having Become Absolute.  In addition, the documents contain inconsistent facts, spelling, and fonts.  The Certificate of Decree Nisi contains a different font in the middle of the page, making it appear altered.  The Certificate of Decree Absolute awards custody of their child to the "petitioner/respondent."  The petitioner and respondent are opposite sides in these proceedings.[1]

(*Id.* at PageID.212.)  In response to the notice of intent to deny, King submitted additional copies of the previously submitted divorce documents.  (*Id.* at PageID.205-10.)  In July

---

[1] The government states that the information regarding the procedures for divorces in Nigeria is reflected in the Department of State Foreign Affairs Manual Reciprocity Schedule for Nigeria.

2019, USCIS denied the petition, finding the divorce documentation insufficient to establish the termination of Plaintiff's previous marriage.[2]  (*Id.* at PageID.201-04.)  USCIS noted that the documents submitted in response to the notice of intent to deny exacerbated the agency's concerns:

> You submitted copies of the same divorce documents stamped as a true copy on May 31, 2019 by the High Court in Enugu State.  Your attorney states these were submitted to "dispel any suspicious of forgery."  However, you also submitted a copy of your attorney's cover letter, describing the divorce documents and referencing the applicant's A# and Form I-130.  This cover letter is also stamped as a true copy on May 31, 2019 by the High Court in Enugu State.  This eliminates any credibility of the Enugu State stamps, as a valid authentication could not take place by the court of a document recently drafted by your attorney and not at all a document of the court.

(*Id.* at PageID.203.)  King appealed the denial of the I-130 to the Board of Immigration Appeals ("BIA") in August 2019, contending the denial was arbitrary, capricious, and inconsistent with "well-settled rules of law."  (*Id.* at PageID.199-200.)  He later filed a petition for a writ of mandamus in this Court in November 2019, alleging that USCIS failed to promptly forward his appeal to the BIA.  (E.D. Mich. Case No. 19-13454, ECF No. 1.)  That petition was dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted in part because USCIS had by then forwarded the appeal to the BIA, which left nothing further for this Court to do.  *See King v. McAleenan*, No. 19-13454, 2020 U.S. Dist. LEXIS 108519, at *6-8 (E.D. Mich. June 22, 2020).

The BIA affirmed the denial of King's I-130 petition in September 2020, concluding in part that King had "not presented any argument or evidence on appeal to meaningfully

---

[2] USCIS had also raised a question regarding the bona fide nature of the relationship between King and Plaintiff in its notice of intent to deny.  But USCIS ultimately found the evidence submitted on this issue sufficient and did not rely on it in its denial of the petition.

challenge the Director's determination that the divorce documents submitted by the petitioner are not authentic." (ECF No. 27-2, PageID.197-98.)  King filed a petition for review of the BIA's decision with the Sixth Circuit Court of Appeals in October 2020, but he died while that appeal was still pending.

Plaintiff filed the present lawsuit on June 7, 2021, asking the Court to "[d]eclare [Plaintiff] to be an immediate relative of David King entitled to the approval of a Form I-360" and to compel Defendants to "reopen and adjudicate" King's I-130 petition as an I-360 widow's petition.[3]  (ECF No. 1.)  The Sixth Circuit later dismissed King's petition for review of the BIA's decision, concluding that it lacked jurisdiction to consider a petition for review of the denial of a I-130 visa petition but also noting that "[r]elief . . . may be available in the district court under the Administrative Procedure[] Act [("APA")]."  See *King v. Garland*, No. 20-4059, 2021 U.S. App. LEXIS 18191, at *1 (6th Cir. June 17, 2021).

## II. Legal Standard

When a federal court is reviewing final agency action, the usual rules and standards governing summary judgment do not apply.  See *Alexander v. Merit Sys. Prot. Bd.*, 165 F.3d 474, 480-81 (6th Cir. 1999); *Integrity Gymnastics & Pure Power Cheerleading, LLC v. U.S. Citizenship & Immigration Servs.*, 131 F. Supp. 3d 721, 725 (S.D. Ohio 2015).  Summary judgment simply "'serves as the mechanism for deciding, as a matter of law, whether an agency action is supported by the administrative record and is otherwise consistent with the APA standard of review.'"  *Singh v. Johnson*, No. 15-cv-

---

[3] The defendants in this case are the Secretary of the Department of Homeland Security, the Acting Director of USCIS, and the Detroit Director of USCIS.

4

12957, 2016 U.S. Dist. LEXIS 82890, at *7 (E.D. Mich. June 27, 2016) (quoting *Resolute Forest Prods., Inc. v. U.S. Dep't of Agric.*, 187 F. Supp. 3d 100, 106 (D.D.C. 2016)).

Under the APA, the federal courts may "hold unlawful and set aside agency action, findings, and conclusions found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Simms v. Nat'l Highway Traffic Safety Admin.*, 45 F.3d 999, 1003 (6th Cir. 1995). In reviewing agency action under this narrow standard, the reviewing court may not substitute its judgment for that of the agency even if the court may disagree with the agency's decision. *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, 378 (1989); *Simms*, 45 F.3d at 1003.

The reviewing court must base its review on the administrative record and may not consider any new evidence. *Alexander*, 165 F.3d at 481. The agency action may be reversed only

> if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Simms*, 45 F.3d at 1004 (internal quotation marks and citation omitted).

An agency's factual findings are reviewed under the substantial evidence standard. *See Steeltech, Ltd. v. U.S. Envtl. Prot. Agency*, 273 F.3d 652, 657 (6th Cir. 2001). Under this standard, review of an agency's "factual determinations is limited to determining whether those determinations are supported by substantial evidence on the record as a whole—not whether there was substantial evidence in the record for a result other than that arrived at by the [agency]." *Id.* In the immigration context, a particular agency finding "can be reversed only if a reasonable factfinder would have to reach another conclusion,"

5

in other words "if the evidence compels a conclusion other than the one the agency reached." *Smith v. Chater*, 99 F.3d 780, 782 n.3 (6th Cir. 1996) (citations omitted).

## III. Analysis

Plaintiff argues that the denial of the I-130 petition filed on her behalf was arbitrary, capricious, and not in accordance with law and she is entitled to a finding that she is an immediate relative of a United States citizen as a matter of law. Defendants argue that the denial was within the discretion of USCIS and should be upheld by this Court.

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit. *Abdulla v. Cuccinelli*, 840 F. App'x 827, 836 (6th Cir. 2020) (citing *Matter of Brantigan*, 11 I. & N. Dec. 493, 495 (BIA 1966); 8 C.F.R. § 103.2(b)(1)). With regard to an I-130 petition filed by a United States citizen on behalf of a spouse, the petition must be accompanied by "a certificate of marriage issued by civil authorities[] and proof of the legal termination of all previous marriages of both the petitioner and the beneficiary." 8 C.F.R. § 204.2(a)(2).

Here, King submitted a Michigan marriage certificate showing his marriage to Plaintiff along with Nigerian divorce documents purportedly showing Plaintiff's divorce from her first husband. But USCIS concluded that the divorce documents "appear to be fraudulent" and gave King an opportunity to present additional information regarding this issue. USCIS later found that the second submission did not resolve its concerns. Plaintiff now argues that this finding is contrary to law and she is in fact entitled to a judgment in her favor because the marriage certificate is "conclusive evidence" that the Nigerian divorce decree was accepted as valid proof of the termination of her prior marriage for the purpose of her subsequent marriage under Michigan law. As Defendants

6

note, however, there is no evidence the county clerk who issued the marriage certificate examined the Nigerian divorce decree, let alone made a determination as to its validity. And, more importantly, "'it is well established that a State court's recognition of a marriage as valid under State law does not conclusively mean that immigration benefits will be conferred based on that marriage.'" *Sholanke v. United States Citizenship & Immigration Servs.*, 854 F. App'x 23, 28 (6th Cir. 2021) (quoting *Matter of Huang*, 26 I. & N. Dec. 627, 633 (BIA 2015)). In *Sholanke*, a state court found the marriage at issue valid in a subsequent divorce proceeding, and yet, the Sixth Circuit held that this was not dispositive evidence on the issue of whether the marriage was bone fide for purposes of future immigration benefits because "'immigration and naturalization law exists independent of state family law.'" *See id.* While the issue there was whether the petitioner's previous marital relationship was a sham marriage, the same overlying principle applies in this context. Thus, the issuance of a marriage certificate by a county clerk is not binding on USCIS here.

Plaintiff bases her argument on a number of cases that deal with choice-of-law and comity principles that are inapplicable to this case. For example, in *Beifen Wang v. Sessions*, No. 2:17-cv-12744, 2018 U.S. Dist. LEXIS 192792, at *7-9 (E.D. Mich. Nov. 13, 2018), there was a question as to whether a Chinese court properly exercised its jurisdiction over the petitioner's first divorce and the court found that it should apply the laws of the state where the petitioner's subsequent marriage took place to decide that issue. But there is no analogous jurisdictional issue here that needs to be resolved by referencing the laws of any state. The question raised by USCIS's denial is whether King met his burden of proving that a Nigerian court granted Plaintiff a divorce terminating her

7

first marriage as a factual matter. The record shows USCIS reviewed the evidence and articulated a satisfactory explanation for why it concluded he had not. While Plaintiff argues that the concerns regarding the authenticity of the divorce documents have no merit,[4] the evidence does not compel a conclusion other than the one reached by the agency. Thus, under the APA's deferential standard of review, the Court affirms USCIS's denial of King's I-130 petition. Judgment will, therefore, be entered in favor of Defendants.[5]

## IV. Conclusion

For the reasons above, Plaintiff's motion for summary judgment is DENIED, and Defendants' motion for summary judgment is GRANTED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 9, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 9, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

---

[4] Plaintiff acknowledges in her reply that the submitted documents include stamps from two different Nigerian courts, which she states was unintended, as well as what she deems a clerical error.

[5] In her motion, Plaintiff seeks declaratory and injunctive relief as well as an order compelling Defendants to reopen King's I-130 petition and adjudicate it as a Form I-360 widow's petition. The Court does not reach the issue of whether Plaintiff would have been entitled to these forms of relief had it found the underlying agency decision not supported by the record or otherwise inconsistent with the APA standard of review.