UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPHINE CHINELO MACFADYEN, | CASE NO. 21-11332 |
| *Plaintiff*, | HON. NANCY G. EDMUNDS DISTRICT JUDGE |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, SECRETARY OF, et. al., | HON. PATRICIA T. MORRIS MAGISTRATE JUDGE |
| *Defendants*. | |
| _____/ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES (ECF No. 39)

**I.    RECOMMENDATION**

Plaintiff moved for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. For the reasons below, I **RECOMMEND** that Plaintiff's motion be **DENIED**.

**II.   REPORT**

   **A.   Introduction and Background**

Plaintiff's motion for attorney fees (ECF No. 39) under the Equal Access to Justice Act (EAJA) is before the Court on an order of reference for a hearing and determination, under 28 U.S.C. § 636(b)(1)(A). (ECF No. 40.) Responses and replies have been filed and considered. (ECF Nos. 44, 48.)

1

Plaintiff seeks an award of $178,886.50 in attorney fees and $1,414.00 in costs incurred for successfully challenging Defendants' denial of the I-130 spousal immigration petition filed on her behalf by her late spouse. (ECF No. 39, PageID.324.)

Plaintiff is a Nigerian citizen who entered the United States on a B-2 visitor visa from Guinea, West Africa, in October 2001. (ECF No. 27, PageID.258.) In January 2003, she was placed in removal proceedings, applied for but was denied asylum, and was ordered removed to Nigeria in February 2006 (ECF No. 27, PageID.40.) Plaintiff was married to Richard Macfadyen in Nigeria before marrying David King in Michigan in October 2017. (ECF No. 27, PageID.237, 258.) Plaintiff alleges that her first marriage was terminated via divorce proceedings in the Nigerian State High Court in June 2014 (ECF No. 1, PageID.4-5); thus, she was free to marry David King in October 2017.

David King ("King") filed a form I-130 seeking to classify Plaintiff as his immediate relative, i.e., spouse in January 2018. (ECF No. 1, PageID.4-5, 17.) In May 2019, USCIS issued Plaintiff a notice of intent to deny (NOID) because King did not establish that Plaintiff's first marriage was terminated and that she was free to marry him. (ECF No. 27, PageID.53-55.) USCIS opined that the documents submitted showing a termination of Plaintiff's first marriage "appeared to be fraudulent" and explained how the documents did not comport with Nigerian

procedures in such matters. (ECF No. 27, PageID.54.) Plaintiff submitted new copies of the same documents but the USCIS was not persuaded otherwise. (ECF No. 27, PageID.39-42.) USCIS stated that "[i]n both your attorney's legal argument and your response to NOID, you have provided no explanation as to why the beneficiary's divorce documents fail to follow" the usual Nigerian divorce procedures. (ECF No. 27, PageID.41.)

King appealed the denial to the BIA and on de novo review in September 2020, the BIA affirmed USCIS's decision finding that King had "not presented any argument or evidence on appeal to meaningfully challenge [the USCIS] determination that the divorce documents submitted are not authentic[.]" (ECF No. 27, PageID.2-3.)

In June 2021, Plaintiff filed the instant action to compel USCIS to reopen and adjudicate King's Form O-130 as a Form I-360, Petition for Widow, and declare her an immediate relative of King, entitled to approval of a Form I-360. (ECF No. 1, PageID.2, 13.) On September 9, 2022, this district court granted summary judgment in favor of USCIS. The Sixth Circuit reversed and remanded the district court decision, finding that the USCIS decision was arbitrary and capricious, because "USCIS failed to consider the copies of Macfadyen's divorce decree certified by the Onitsha Court and []articulate a reason as to why those documents could not

3

demonstrate the validity of her divorce." *Macfadyen v. Sec'y of Homeland Sec.*, No. 22-1830, 2023 WL 3059077, at *1 (6th Cir. Apr. 24, 2023).

### B. EAJA Requirements

Where a court renders a judgment favorable to a claimant who was represented by counsel, the court may allocate to that counsel a "reasonable" fee for such representation. 28 U.S.C. § 2412(b). An application for attorney fees under the EAJA[1], including an itemized justification for the amount requested, must be filed within 30 days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(A). In addition, a claimant must be an eligible party; that is, one "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

After eligibility, three conditions must be met in order to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there must be no special circumstances which would warrant a denial of fees. *Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012); *Marshall v. Comm'r*, 444 F.3d 837, 840 (6th Cir. 2006).

---

[1] Fees collected under the EAJA are paid by the Commissioner out of its own coffers, whereas fees collected under § 406 are paid out of the claimant's past due benefits. *See Scappino v. Comm'r of Soc. Sec. Admin.*, No. 1:12-CV-02694, 2015 WL 7756155, at *3 (N.D. Ohio Dec. 1, 2015). A motion for attorney fees under 42 U.S.C. § 406, which is paid out of claimant's accrued benefit, is not presently before the Court.

The second and third conditions stem from the EAJA's provision that a litigant may not recover attorney fees from the United States if the government's position was substantially justified. The statute reads in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government bears the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999).

The second requirement operates to "discourage the government from taking unjustified positions." *Jones v. Schweiker*, 565 F. Supp. 52, 55 (W.D. Mich. 1983). A position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person," or has a "reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position should be considered as a whole, including both the underlying agency action and the current litigation. *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (citing *Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994)). The government's loss raises no presumption that its position was not substantially justified. *See United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991).

### C. Analysis

#### 1. Plaintiff's Eligibility

At the outset, I note that Plaintiff obtained a reversal and remand of her case and that Defendants do not appear to challenge the fact that she is a prevailing party. Defendants instead argue that Plaintiff has not met her burden to show that her net worth does not exceed $2,000,000. 8 U.S.C. § 2412(d)(2)(B)(i). Plaintiff's motion addresses the prevailing party requirement but makes no mention of Plaintiff's net worth or eligibility based on her net worth. (ECF No. 39, PageID.336.) Plaintiff's attached "declaration" also does not mention her net worth or anything about her finances at all. (ECF No. 39, PageID.358-59.) Thus, Plaintiff has not proffered, even summarily, that her net worth does not exceed $2,000,000. Plaintiff falls far short of the requirement that she resent "sufficient evidence so that his or her net worth may be ascertained and verified by the court." *Fields v. United States*, 29 Fed. Cl. 376, 382 (1993). "Failure to submit documentation of plaintiff's net worth, for the purpose of determining whether plaintiff qualifies for an award under EAJA, renders an application deficient." Al Ghanim Combined Grp. Co. v. United States, 67 Fed. Cl. 494, 496 (2005). "Self-serving affidavits" are not considered sufficient to establish a plaintiff's net worth. *Info Scis. Corp. v. United States*, 86 Fed. Cl. 269, 280 (2009). Plaintiff's failure to proffer, let alone support with any evidence, is fatal to her motion. Therefore, the motion should be denied on this ground alone.

### 2. Whether the Commissioner's Position was Substantially Justified.

Even if Plaintiff had established her eligibility, I suggest the motion should be denied because Defendants' position was substantially justified. In the instant case, Defendant prevailed on a motion for summary judgment in the district court, and although that decision was reversed by the Sixth Circuit, success on a summary judgment motion creates a strong presumption that the parties' position was substantially justified. See, *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 382 (7th Cir. 2010); see also, *Hakim v. Accenture U.S. Pension Plan*, 901 F. Supp.2d 1045, 1053 (N.D. Ill. Oct. 3, 2012)(position substantially justified where court, in ruling on summary judgment motion, found party's position compelling). I therefore suggest that Defendants' position, which was successful at the trial court level, was substantially justified.

### D. Conclusion

For these reasons, I suggest that the Plaintiff's motion should be **DENIED**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days

after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 31, 2024                    S/ PATRICIA T. MORRIS
                                                                           Patricia T. Morris
                                                                           United States Magistrate Judge