UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPHINE CHINELO MACFADYEN,

    Plaintiff,

Case No. 21-11332

v.

Honorable Nancy G. Edmunds

SECRETARY OF DEPARTMENT
OF HOMELAND SECURITY, *et al.*,

    Defendants.

_____/

**OPINION AND ORDER REJECTING IN PART AND ACCEPTING AND ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [50] AND DENYING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY FEES [52]**

Plaintiff Josephine Chinelo Macfadyen filed this action under the Administrative Procedure Act ("APA") seeking judicial review of the denial by the United States Citizenship and Immigration Services ("USCIS") of a Form I-130, Petition for Alien Relative, filed on her behalf by her deceased husband, David King.[1] Before the Court is the Magistrate Judge's report and recommendation to deny Plaintiff's post-judgment motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 50.) Plaintiff has filed two objections to the report. (ECF No. 51.) Defendants have responded to those objections. (ECF No. 54.) Plaintiff has filed a reply in support of her objections (ECF No. 55) as well as a supplemental motion for attorney fees under the EAJA (ECF No. 52). Having conducted a *de novo* review of the portions of the report and recommendation to which specific objections have been filed, the Court SUSTAINS IN

---

[1] The defendants in this case are the Secretary of the Department of Homeland Security, the Acting Director of USCIS, and the Detroit Director of USCIS.

1

PART and OVERRULES IN PART Plaintiff's objections, REJECTS IN PART and ACCEPTS AND ADOPTS IN PART the Magistrate Judge's report, and ACCEPTS AND ADOPTS her recommendation. The Court also DENIES Plaintiff's supplemental motion for attorney fees.

I.  **Background**

Plaintiff is a Nigerian national who entered the United States on a B-2 visitor visa in October 2001. (ECF No. 27-2, PageID.221.) Removal proceedings were commenced against her in January 2003. She then applied for asylum, but her application was denied and she was ordered removed to Nigeria in February 2006. While removal proceedings were pending, Plaintiff married King, a United States citizen, in Detroit, Michigan in October 2017. (*Id.* at PageID.214.) Prior to marrying King, Plaintiff was married to Richard Macfadyen. According to Plaintiff, she was granted a divorce by a Nigerian court in June 2014.

In January 2018, King filed a Form I-130, seeking to classify Plaintiff as his immediate relative spouse. (*See* ECF No. 27-2, PageID.215-26.) In May 2019, USCIS notified King of its intent to deny the I-130 in part because King failed to establish that Plaintiff's prior marriage had been terminated and she was therefore free to marry King. (*Id.* at PageID.211-13.) USCIS explained that the copy of the divorce decree issued by the Nigerian high court in Onitsha that was submitted "appear[ed] to be fraudulent:"

> When a divorce is granted by a High Court in Nigeria, a temporary order is issued called a Decree Nisi. There is a three month period allowed in the event of reconciliation, then the divorce decree will automatically finalize and a Decree Absolute is issued. Instead of a Decree Nisi, you have a Certificate of Decree Absolute as your initial document. The finalizing document you submitted, dated three months later, is titled Certificate of Decree Nisi having Become Absolute. In addition, the documents contain inconsistent facts, spelling, and fonts. The Certificate of Decree Nisi

> contains a different font in the middle of the page, making it appear altered. The Certificate of Decree Absolute awards custody of their child to the "petitioner/respondent." The petitioner and respondent are opposite sides in these proceedings.

(*Id.* at PageID.212.) In response to the notice of intent to deny, King submitted new copies of the previously submitted divorce documents—one stamped by the Onitsha court and another by an Enugu court. (*Id.* at PageID.205-10.) In July 2019, USCIS denied the petition, finding the divorce documentation insufficient to establish the termination of Plaintiff's previous marriage. (*Id.* at PageID.201-04.) USCIS stated that the documents submitted in response to the notice of intent to deny exacerbated the agency's concerns:

> You submitted copies of the same divorce documents stamped as a true copy on May 31, 2019 by the High Court in Enugu State. Your attorney states these were submitted to "dispel any suspicious of forgery." However, you also submitted a copy of your attorney's cover letter, describing the divorce documents and referencing the applicant's A# and Form I-130. This cover letter is also stamped as a true copy on May 31, 2019 by the High Court in Enugu State. This eliminates any credibility of the Enugu State stamps, as a valid authentication could not take place by the court of a document recently drafted by your attorney and not at all a document of the court.

(*Id.* at PageID.203.) King appealed the denial of the I-130 to the Board of Immigration Appeals ("BIA") in August 2019, contending the denial was arbitrary, capricious, and inconsistent with "well-settled rules of law." (*Id.* at PageID.199-200.) The BIA affirmed the denial of King's I-130 petition in September 2020, concluding in part that King had "not presented any argument or evidence on appeal to meaningfully challenge the Director's determination that the divorce documents submitted by the petitioner are not authentic." (ECF No. 27-2, PageID.197-98.) King filed a petition for review of the BIA's decision with the Sixth Circuit Court of Appeals in October 2020, but he died while that appeal was still pending.

3

Plaintiff filed the underlying complaint in this case on June 7, 2021, asking the Court to "[d]eclare [Plaintiff] to be an immediate relative of David King entitled to the approval of a Form I-360" and to compel Defendants to "reopen and adjudicate" King's I-130 petition as an I-360 widow's petition. (ECF No. 1.) After both parties moved for summary judgment, this Court entered judgment in favor of Defendants. (ECF No. 32.) The Court found that USCIS reviewed the evidence and articulated a satisfactory explanation for why it concluded that King had not met his burden of proving that a Nigerian court granted Plaintiff a divorce terminating her first marriage. (ECF No. 31.)

On appeal, the Sixth Circuit reversed and remanded. (ECF No. 35.) In an unpublished opinion, the Sixth Circuit reasoned that "[t]he reasons given by USCIS for disregarding the copies of Macfadyen's divorce decrees certified by the Enugu court do not apply to the copies certified by the Onitsha court" and found that the agency should have considered and addressed the latter in its decision. The Sixth Circuit also found that upon reopening, King's I-130 petition must be converted to an I-360 petition as long as Plaintiff meets the requirements set forth in the regulations.

Pursuant to the Sixth Circuit's remand, this Court remanded the matter to USCIS to reopen King's I-130 petition for further consideration consistent with the Sixth Circuit's opinion. (ECF No. 37.) Plaintiff then moved for an award under the EAJA. (ECF No. 39.) The Court referred the motion to Magistrate Judge Patricia T. Morris. (ECF No. 40.) After the filing of a response and reply (ECF Nos. 44, 48), the Magistrate Judge issued her report and recommendation to deny the motion (ECF No. 50).[2]

---

[2] Plaintiff initially sought an award of $178,886.50 in attorney fees and $1,414.00 in costs. (ECF No. 39.) In her reply, Plaintiff conceded that fees and costs incurred in proceedings before the immigration agencies are not compensable under the EAJA and

4

**II.     Legal Standards**

   **A.    Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

   **B.    EAJA Standard**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In relevant part, a "party" is "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." § 2412(d)(2)(B). The question of whether the government's position was "substantially justified" is answered with regard to not only the civil action but also the administrative decision upon which the civil action is based. *See* § 2412(d)(2)(D). Substantial justification under the EAJA is defined as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, the position

---

reduced that request to $148,297.50 in attorney fees and $1304.00 in costs. (ECF No. 48.) She also requested $14,472.25 in attorney fees for the time it took to prepare her reply. (*Id.*) Plaintiff has more recently filed a supplemental motion repeating her request for attorney fees for the time spent on the reply and requesting an additional $11,859.25 in attorney fees for the time it took to prepare her objections to the Magistrate Judge's report and recommendation as well as the supplemental motion itself. (ECF No. 52.)

must have had a "reasonable basis both in law and fact." *Id.* This means "more than merely undeserving of sanctions for frivolousness," *id.* at 566, "[b]ut a position can be justified even though it is not correct," *id.* at 566 n.2. When considering whether a position is substantially justified, courts "focus on the merits of that position," but "objective indicia of reasonableness—such as a dissenting opinion, the views of other courts, a string of losses, or a string of successes—may be relevant" to this inquiry as well. *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021) (internal quotations and citations omitted). Ultimately, courts must "distinguish between cases in which the government lost because it vainly pressed a position flatly at odds with the controlling case law and cases in which the government lost because an unsettled question was resolved unfavorably." *Id.* at 564 (internal quotations and citations omitted). The government bears the burden of proving that a given position was substantially justified. *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014).

### III.  Analysis

The Magistrate Judge recommends denying Plaintiff's motion due to her finding that: 1) Plaintiff did not meet her burden of showing that her net worth does not exceed $2,000,000 and 2) the government's position was substantially justified. Plaintiff objects to both conclusions.

#### A.  Plaintiff's First Objection

Plaintiff objects to the Magistrate Judge's statement that "Plaintiff has not proffered, even summarily, that her net worth does not exceed $2,000,000." (*See* ECF No. 50, PageID.466.) The declaration attached to Plaintiff's motion does not mention her net worth, but Plaintiff included with her reply another sworn declaration that does address

her net worth. (*See* ECF No. 48, PageID.457.) Courts allow a plaintiff to supplement an application for an EAJA award with more explicit information regarding the net worth requirement. *See Bazalo v. West*, 150 F.3d 1380, 1383-84 (Fed. Cir. 1998) (finding that because the plaintiff's statement that he is a prevailing party satisfied the eligibility requirement for jurisdictional purposes, he could supplement his filing after the thirty-day time limitation "to set forth a more explicit statement about his net worth"). The Magistrate Judge does not make note of the second declaration, although she states that "'[s]elf-serving affidavits' are not considered sufficient to establish a plaintiff's net worth." (*See* ECF No. 50, PageID.466 (quoting *Info Scis. Corp. v. United States*, 86 Fed. Cl. 269, 280 (2009)).) As Plaintiff notes, however, the case that is cited by the Magistrate Judge for that proposition was addressing the net worth of a corporation, not an individual. *See Info Scis. Corp.*, 86 Fed Cl. at 280. Courts have found sworn declarations sufficient to establish the net worth of individuals. *See, e.g.*, *Sabo v. United States*, 127 Fed. Cl. 606, 622 (2016). The Court similarly finds Plaintiff's declaration sufficient here and, therefore, sustains Plaintiff's first objection and rejects the portion of the Magistrate Judge's report addressing Plaintiff's eligibility. But even though Plaintiff is eligible for an award under the EAJA, she is not entitled to such an award if the government's position was substantially justified.

    **B.**    **Plaintiff's Second Objection**

In finding the government's position substantially justified, the Magistrate Judge noted that the government prevailed on a motion for summary judgment before this Court. Plaintiff objects, emphasizing that the Sixth Circuit found the agency decision to be arbitrary or capricious. Other courts have considered a similar argument and noted that

a finding that agency behavior was arbitrary or capricious does not resolve the issue of whether the government's position was substantially justified. *See, e.g.*, *Cic Servs., LLC v. Internal Revenue Serv.*, No. 3:17-cv-110, 2023 U.S. Dist. LEXIS 159311, at *5-6 (E.D. Tenn. Sept. 8, 2023) ("[t]hough a finding that agency behavior was arbitrary and capricious may support a finding that the Government's position was not substantially justified, it is not a foregone conclusion"). In fact, the question before the Court is whether the government's position "as a whole" was substantially justified. *See Gushen v. Comm'r of Soc. Sec.*, No. 16-cv-10003, 2017 U.S. Dist. LEXIS 129495, at *9 (E.D. Mich. Aug. 15, 2017) ("Critically, the Government's position 'as a whole' can be substantially justified even if the Government's actions *at the agency level* were not substantially justified.") (quoting *Amezolia-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016)).

Here, the Sixth Circuit found that the agency decision violated the APA, but it did not take issue with the reasons USCIS advanced for disregarding certain documents submitted by King. Instead, the Sixth Circuit reasoned that "[t]he reasons given by USCIS for disregarding the copies of Macfadyen's divorce decrees certified by the Enugu court do not apply to the copies certified by the Onitsha court" and found that the agency should have considered and addressed the latter in its decision. (ECF No. 35.) Considering the deferential standard of review under the APA and the circumstances of this case, the Court finds that the government was substantially justified in asking both this Court and the Sixth Circuit to uphold the agency decision. The government was also substantially justified in arguing that Plaintiff was not entitled to the relief she sought—conversion of her deceased husband's I-130 petition to an I-360 widow's petition—where there was no

guidance from the Sixth Circuit on this issue and there was an Eleventh Circuit case that supported its position.[3]

In sum, the Court finds the government's position, as a whole, substantially justified. Thus, the Court overrules Plaintiff's second objection and accepts and adopts the portion of the Magistrate Judge's report addressing this issue. Because the government's position was substantially justified, both Plaintiff's motion and supplemental motion for attorney fees under the EAJA are denied.

## IV. Conclusion

For the reasons above, the Court SUSTAINS Plaintiff's first objection, OVERRULES Plaintiff's second objection, REJECTS IN PART and ACCEPTS AND ADOPTS IN PART the Magistrate Judge's report, and ACCEPTS AND ADOPTS the Magistrate Judge's recommendation. Accordingly, Plaintiff's motion and supplemental motion for attorney fees under the EAJA are DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 5, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 5, 2024, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

---

[3] This Court did not reach the issue of relief in its decision.